Norman E. MINOR, Appellant,

v.

UNITED STATES, Appellee.

Nos. 91–CF–1470, 93–CO–298, and 93–CO–825.

District of Columbia Court of Appeals.

May 23, 1995.

Before WAGNER,* Chief Judge; FERREN,* TERRY, STEADMAN,* SCHWELB, FARRELL, KING, and RUIZ, Associate Judges.

## ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing or rehearing en banc, the opposition and reply thereto, appellant's motion for leave to late file supplemental argument based on newly discovered evidence and to stay proceedings for further supplemental filings, and appellant's motion to certify supplemental record/evidence, it is

ORDERED by the merits division * that the petition for rehearing is denied. It is

FURTHER ORDERED that appellant's motion for leave to late file supplemental argument is granted. It is

FURTHER ORDERED that appellant's motion to certify supplemental record/evidence is denied; and it appearing that the majority of the judges of this court has voted to deny the petition for rehearing en banc, it is

FURTHER ORDERED that the petition for rehearing en banc is denied. It is

FURTHER ORDERED that appellant's motion to stay proceedings for further supplemental filings is denied as moot.

KING, Associate Judge, joined by TERRY and SCHWELB, Associate Judges:

The division affirmed appellant's conviction for distribution of a controlled substance, rejecting his claim, among others raised, that the trial court erred in denying his motion to call the undercover police officer as a witness at the suppression hearing on the showup identification. Appellant has petitioned for rehearing or rehearing en banc attacking the division's opinion on that and other grounds. We directed the government to respond to the petition "addressing the issues of *In re F.G.*, 576 A.2d 724, 727 (D.C.1990) (en banc)," *i.e.,* issues relating to absence of the undercover officer at the hearing on the motion to suppress identification.

The en banc court has decided to deny appellant's petition as set forth in this order. While I believe the division correctly decided the identification issue presented in this case, I write separately simply to express the view that the en banc court should revisit *In re F.G.*—the case governing the proceeding in the trial court. I believe, substantially for the reasons set forth in the dissenting opinion of Judge Steadman, *id.* at 728–31, that the majority in *In re F.G.*, in a narrowly divided opinion of the en banc court which consisted of only six active judges, wrongly decided the case. I would hope that in an appropriate future case the en banc court would reconsider that decision and overrule it.

In re T.J., M.D., & C.J., Appellants.